UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. O.,[1] | Case No.: 5:24- 00419 (ADS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| MARTIN O'MALLEY,[2] Commissioner of Social Security, | |
| Defendant. | |

## I.   **INTRODUCTION**

Plaintiff Robert J. O. ("Plaintiff") challenges Leland Dudek, Acting Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of his

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Leland Dudek, the Acting Commissioner of Social Security, is substituted for Martin O'Malley as the defendant pursuant to Federal Rule of Civil Procedure 25(d).

-1-

applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("SSA").  Plaintiff contends that the Administrative Law Judge ("ALJ") erred by terminating the sequential disability analysis at step four and by impermissibly rejecting Plaintiff's subjective symptom testimony.  (Docket ("Dkt.") No. 19 at 10-25.)  For the reasons stated below, the Commissioner's decision is reversed and the matter is remanded for further proceedings.

## II.    FACTS RELEVANT TO THE APPEAL

A review of the entire record reflects certain facts relevant to this appeal.  Plaintiff was found to be disabled and entitled to SSI beginning on March 24, 2022.  (Dkt. No. 15, Administrative Record ("AR") 1185.)  The period at issue for Plaintiff's Title II claim of disability is the alleged onset date, June 2, 2018, through the date last insured, December 31, 2018.  (AR 1176.)  The period at issue for Plaintiff's Title XVI claim for disability is the filing date of the SSI application, August 31, 2018, through March 23, 2022.  (Id.)

Plaintiff claimed that he was disabled due to lumbar spinal stenosis, nerve encroachment, chronic pain, varicose veins, and anxiety.  (AR 352, 1175.)  Plaintiff alleged that he suffered from neck pain, low back and tailbone pain, numbness in his legs, problems using his hands, and constant nerve pain.  (AR 1175-77, 1216.)  Plaintiff testified that he could lift 30 to 40 pounds, sit for 30 minutes, stand for 20 minutes, and walk for 45 minutes.  (AR 1175-77, 1216.)  Plaintiff also claimed that he was unable to stand without medication, needs to sit or lie down throughout the day, and has difficulty staying focused, concentrating, and being around people.  (AR 1209-10, 1216-17.)

III.   **PROCEEDINGS BELOW**

    **A. <u>Procedural History</u>**

Plaintiff filed applications for DIB and SSI on August 31, 2018, alleging disability beginning on June 12, 2018.[3] (AR 15, 303-06.)  Plaintiff's applications were denied initially on November 27, 2018, and on reconsideration on February 11, 2019.  (AR 15, 185-90, 192-97.)  Thereafter, Plaintiff filed a written request for hearing.  (AR 297-99.)  Telephone hearings were held before an ALJ on June 25, 2020, and October 8, 2020.  (AR 57-109.)  Plaintiff, represented by counsel, appeared and testified at the hearings, as did two vocational experts.  (<u>Id.</u>)  On October 26, 2020, the ALJ found Plaintiff was "not disabled" within the meaning of the SSA.  (AR 15-24.)  The Appeals Council subsequently denied review.  (AR 1-6.)

After Plaintiff filed a Complaint challenging the denial of DIB and SSI, the District Court reversed and remanded Plaintiff's case.  (AR 1322-35.)  The Appeals Council then vacated the ALJ's decision and remanded the case to the ALJ for further proceedings.  (AR 1338-42.)

On September 15, 2023, Plaintiff, proceeding with counsel, testified at a telephone hearing, along with a vocational expert.  (AR 1199-1224.)

On December 20, 2023, the ALJ issued a decision that was partially favorable to Plaintiff.  (AR 1168-85.)  The ALJ determined that Plaintiff became disabled on March 24, 2022, but was not disabled prior to that date.  (AR 1175, 1181-85.)

Plaintiff filed this action in District Court on February 23, 2024.  (Dkt. No. 1.)  On April 29, 2024, Defendant filed an Answer and a copy of the Certified Administrative

---

[3] Plaintiff previously filed DIB and SSI applications, which were denied in a final decision by an ALJ on June 1, 2018.  (AR 16, 113-21.)

Record.  (Dkt. No. 15.)  Plaintiff filed an Opening Brief (Dkt. No. 19) on July 18, 2024, and Defendant filed a Responsive Brief (Dkt. No. 23) on October 1, 2024.  The case is ready for decision.[4]

**B. <u>Summary of ALJ Decision After Hearing</u>**

In the decision (AR 1168-85), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the SSA.[5]  <u>See</u> 20 C.F.R. §§ 416.920(a), 404.1520(a).  The ALJ found that Plaintiff met the insured status requirements for DIB through December 31, 2018.  (AR 1172.)  At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 2, 2018, the alleged onset date.  (<u>Id.</u>)  At **step two**, the ALJ found that since June 2, 2018, Plaintiff had severe impairments, including degenerative disc disease of the lumbar spine, polyneuropathy, and chronic pain syndrome, and beginning on March 24, 2022, the onset date of disability, Plaintiff had severe impairments, including degenerative disc disease of the lumbar spine, polyneuropathy, chronic pain syndrome, and lower extremity varicose veins.  (<u>Id.</u>)  At **step three**, the ALJ found that since June 2, 2018,

---

[4] The parties filed consents to proceed before a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. (Dkt. Nos. 10-11.)
[5] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.  Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.  Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.  Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.  Step five: Does the claimant have the RFC to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.  <u>See</u> 20 C.F.R. §§ 404.1520, 416.920.

Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 1174.)

The ALJ found that prior to March 24, 2022, Plaintiff had the RFC[6] to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but with the following limitations:

> [L]ifting and carrying 20 pounds occasionally and 10 pounds frequently; sitting for 6 hours out of an 8-hour workday; standing and walking for 6 hours out of an 8-hour workday; no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; and no operating motor vehicles due to prescription medications.

(AR 1175.) The ALJ further found that beginning on March 24, 2022, Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but with the following limitations:

> [L]ifting and carrying 20 pounds occasionally and 10 pounds frequently; sitting for 6 hours out of an 8-hour workday; standing and walking for 2 hours out of an 8-hour workday; no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; no operating motor vehicles due to prescription medications; and 10 minutes to rest in the morning and afternoon in addition to normal breaks due to fatigue and pain.

(AR 1181.)

At **step four**, the ALJ found that prior to March 24, 2022, Plaintiff was capable of performing his past relevant work as a cashier-checker and fast-foods worker, but beginning on March 24, 2022, Plaintiff's RFC prevented him from being able to perform his past relevant work. (AR 1180-81, 1183.) At **step five**, considering Plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ

---

[6] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

found that since March 24, 2022, there were no jobs that existed in significant number in the national economy that Plaintiff could have performed.  (AR 1184-85.) Accordingly, the ALJ determined that, based on his application for SSI, Plaintiff became disabled on March 24, 2022, and continued to be disabled through the date of the decision, and based on his application for DIB, Plaintiff was not disabled at any time through December 31, 2018, the date last insured.  (AR 1185.)

## IV.   ANALYSIS

### A. Issues on Appeal

Plaintiff raises two issues for review: (1) whether the ALJ erred in terminating the sequential disability analysis at step four; and (2) whether the ALJ impermissibly rejected Plaintiff's subjective symptom testimony.  (Dkt. No. 19 at 10-25.)

### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g).  The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence.  See Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)) (District Court's review is limited to only grounds relied upon by ALJ).  A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied.  See Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted).  "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").  However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012), superseded by regulation on other grounds as stated in Smith v. Kijakazi, 14 F.4th 1108, 1111 (9th Cir. 2021).

**C.  The ALJ Erred in Discounting Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ failed to properly evaluate his subjective symptom testimony with respect to his alleged symptoms prior to March 24, 2022.  (Dkt. No. 19 at 13-25.)  The Commissioner responds that the ALJ stated valid reasons for discounting

Plaintiff's testimony based on the lack of corroborating objective medical evidence, Plaintiff's "generally successful" treatment, and Plaintiff's reported activities of daily living.  (Dkt. No. 23 at 15-27.)

1.   <u>Legal Standard for Evaluating Plaintiff's Testimony</u>

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms.  <u>See</u> <u>Benton ex rel. Benton v. Barnhart</u>, 331 F.3d 1030, 1040 (9th Cir. 2003).  Once the claimant meets that burden, medical findings are not required to support the alleged severity of pain.  <u>See</u> <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345 (9th Cir. 1991) (en banc) ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain"); <u>Light v. Soc. Sec. Admin.</u>, 119 F.3d 789, 792 (9th Cir. 1997) (same).

If the claimant provides objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ "may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear and convincing reasons for doing so." <u>Brown-Hunter</u>, 806 F.3d at 488-89 ("we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination"); <u>Benton</u>, 331 F.3d at 1040 (explaining that after a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaints "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so."); <u>see also</u> Social Security Ruling ("SSR") 16-3p (findings "must contain

-8-

specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms").

The ALJ may consider a number of factors when weighing the claimant's credibility, including:  (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he or she complains.  See Thomas v. Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2002) (citing Light, 119 F.3d at 792).  "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing."  Thomas, 278 F.3d at 959 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)).

### 2.  Analysis

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but Plaintiff's "statements concerning the intensity, persistence and limiting effects of [those] symptoms [were] not fully supported prior to March 24, 2022."  (AR 1178-79.)

### a)  Effectiveness of Treatment

Impairments that can be controlled effectively with medication or treatment are not disabling.  See Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006); Berry v. Astrue, 622 F.3d 1228, 1236 (9th Cir. 2010) (finding that the ALJ's conclusion that the claimant's pain was not completely disabling because it was

adequately controlled with medications was valid and supported by the record). On the other hand, because "[c]ycles of improvement and debilitating symptoms are a common occurrence," it is error for an ALJ to select "a few isolated instances of improvement over a period of months or years and [ ] treat them as a basis for concluding a claimant is capable of working." Garrison, 759 F.3d at 1017 ("[I]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.").

Here, the ALJ relied on excerpts from the medical record to find that treatment had been successful in controlling Plaintiff's symptoms prior to March 24, 2022. (AR 1178.) The ALJ noted, for example, that Plaintiff reported that lumbar epidural steroid injections were "more than 80% effective for his pain and range of motion for three to six months," bilateral sacroiliac joint injections were "quite helpful with pain for a few months," and pain was reduced and "well controlled" with medication. (AR 447, 449, 451, 515, 632, 1106, 1130-32, 1141, 1178, 1950, 1952, 1955). However, a review of the entire record reveals that substantial evidence does not support the ALJ's finding of effective treatment, despite the medical records cited by the ALJ. While some records during the relevant period indicate that Plaintiff's treatment provided periods of relief from pain, many records indicate that Plaintiff's treatment did not effectively control pain. Plaintiff's medical records show that Plaintiff frequently reported pain that ranged from 4/10 to 9/10 in severity with medication and 8/10 to 10/10 in severity without medication. (AR 1929, 1932, 1935, 1938, 1941, 1944, 1947, 1951, 1956, 1963, 1100, 1110, 1115, 1120.) The record also reflects that Plaintiff tried numerous medications (Tramadol, Voltaren gel, Amitriptyline, Butrans 5 mcg/hr and 10 mcg/hr, and Belbuca 300 mcg and 450 mcg) that were not effective in controlling his pain. (AR 1921, 1924, 1927, 1930, 1933, 1936.) Thus, considering the medical record in its entirety, the ALJ's

finding that Plaintiff's pain and symptoms were effectively controlled with treatment is not supported by substantial evidence. See Garrison, 759 F.3d at 1015 (ALJ improperly cited effective treatment as a reason to reject the plaintiff's pain testimony where the treatment provided only partial and temporary relief); Jana D. R. v. Saul, 2021 WL 2826436, at *4 (C.D. Cal. July 7, 2021) (ALJ erred in finding plaintiff's pain was controlled with effective treatment where plaintiff reported that her pain ranged from 2/10 to 8/10 in severity and that standing can increase her pain); Lopez v. Colvin, 194 F. Supp. 3d 903, 911 (D. Ariz. 2016) (ALJ erred in concluding the plaintiff's pain was controlled when the Plaintiff remained in significant pain even after treatment improved her symptoms).

### b) Daily Activities

Generally, "[e]ngaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014); Burkett v. Berryhill, 732 F. App'x 547, 552 (9th Cir. 2018) ("an ALJ may [ ] discount claimant testimony where reported daily activities contradict the claimant's alleged extent of her limitations."). "If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). But a claimant need not be "utterly incapacitated" to obtain disability benefits. Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001). Moreover, an ALJ must make "specific findings" related to a claimant's daily activities and "their transferability to conclude that the claimant's daily activities warrant an adverse credibility determination." Orn, 495 F.3d at 639.

While the ALJ suggested that Plaintiff attempted to minimize his daily activities, the ALJ also found that Plaintiff's allegations of disabling symptoms and limitations were inconsistent with his reported activities. (AR 1178.) Plaintiff's testified that his daily activities included driving, maintaining hygiene, preparing meals, listening to videos on YouTube, going outside and sitting under a tree to smoke, and helping with clean up. (AR 1178, 1206, 1212-13.) In a function report, Plaintiff stated that he could feed two cats, vacuum, dust, do laundry, go out alone, go grocery shopping, and handle money. (AR 361-64.) The ALJ found that "some of the physical and mental abilities and social interactions required in order to perform these activities [were] the same as those necessary for obtaining and maintaining employment and [were] inconsistent with the presence of an incapacitating or debilitating condition." (AR 1178.) However, the ALJ did not identify any specific conflicts between Plaintiff's admitted activities and his reported symptoms and limitations nor did the ALJ indicate that Plaintiff's activities comprised a substantial portion of his day or were transferable to the demands of a workplace environment. See Orn, 495 F.3d at 639; see also Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9 th Cir. 2014) ("ALJs typically identify what parts of the claimant's testimony were not credible and why."). Although Defendant attempts to provide examples of how Plaintiff's activities were inconsistent with his allegations (Dkt. 23 at 22-23), the ALJ failed to discuss such examples in the decision. See Brown-Hunter, 806 F.3d at 494-95 ("We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [the claimant's] pain testimony where, as here, the ALJ never identified which testimony she found not credible, and never explained which evidence contradicted that testimony."). Moreover, the mere ability to perform some tasks is not necessarily indicative of an ability to perform work activities

because "many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." Smolen v. Chater, 80 F.3d 1273, 1287, n.7 (9th Cir. 1996).  Accordingly, Plaintiff's activities of daily living do not constitute a clear and convincing reason for discounting his subjective symptom testimony.

The ALJ also suggested that Plaintiff's description of his daily activities was inconsistent with the third-party statement made by Plaintiff's uncle, Stephen Grimm, which suggested a "greater ability to perform activities of daily living." (AR 370-77, 1178-79.)  Mr. Grimm reported that although some of Plaintiff's activities (e.g., lifting, sitting, standing, walking, squatting, bending, kneeling, and climbing stairs) were limited by his severe back pain, Plaintiff was able to attend to personal care, make his own meals, feed two cats, do laundry, perform light vacuuming, do some cleaning, travel by walking and driving, go out alone, shop in stores, watch television, handle his own finances, pay attention, and follow instructions.  (AR 370-75, 1179.)  The ALJ, however, failed to specify how Mr. Grimm's statements conflicted with Plaintiff's reports about his daily activities.  See Orn, 495 F.3d at 639; Treichler, 775 F.3d at 1103.  Although Defendant attempts to identify inconsistencies between Mr. Grimm's and Plaintiff's statements (i.e., Plaintiff's ability to feed his cats, feed himself, walk for transportation, finish things he started, and follow oral instructions), the Court does not consider the Defendant's post hoc rationalizations.  (Dkt. No. 23 at 23-24); Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

c)  Objective Medical Evidence

The ALJ found that Plaintiff's subjective symptom testimony was not entirely consistent with the objective medical evidence prior to March 24, 2022, as there were many normal examination findings, no evidence of muscle atrophy, and few documented complaints of neck or upper extremity pain.  (AR 1175-78.)  Although the ALJ could properly consider the lack of corroborating medical support when evaluating Plaintiff's subjective complaints, that factor, standing alone, does not constitute a valid reason for rejecting subjective symptom testimony.  See Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) ("an ALJ 'may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence'" (quoting Robbins, 466 F.3d at 883)); see also SSR 16-3p ("We will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled.").  Thus, the lack of objective medical findings was not a sufficient reason for rejecting Plaintiff's subjective symptom testimony.

Finally, the ALJ's error was not harmless.  See Brown-Hunter, 806 F.3d at 492. If the ALJ had properly considered Plaintiff's testimony, the outcome of the disability determination may have been different.  Thus, the Court cannot confidently conclude that the ALJ's error in evaluating Plaintiff's subjective symptom testimony was inconsequential to the ultimate disability determination.  See id.

**D.      Remand For Further Administrative Proceedings**

The Court finds that the ALJ failed to provide legally sufficient reasons, supported by substantial evidence, for discounting Plaintiff's subjective symptom testimony.  Remand for further administrative proceedings, rather than an award of

benefits, is warranted here, as further administrative review could remedy the ALJ's error. See Brown-Hunter, 806 F.3d at 495 (remanding for an award of benefits is appropriate in rare circumstances). As it is unclear whether Plaintiff is in fact disabled, remand is on an "open record." Id. at 496 ("We may remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" (quoting Garrison, 759 F.3d at 1021)).

### E. **Plaintiff's Remaining Argument**

Given that remand is warranted, the Court declines to address Plaintiff's remaining argument. That issue, if necessary, may be addressed on remand. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V.    **CONCLUSION**

The decision of the Commissioner denying benefits is hereby reversed and the matter is remanded for further proceedings consistent with this Order. Judgment shall be entered accordingly.

DATE:  March 7, 2025

> _____
> /s/ Autumn D. Spaeth
> THE HONORABLE AUTUMN D. SPAETH
> United States Magistrate Judge